UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WESLEY ANDERSON, | Case No. 1:23-cv-01161-HBK |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[2] |
| v. | |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| | (Doc. Nos. 15, 17) |
| Defendant. | |

Eric Wesley Anderson ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 15, 17-18). For the reasons stated, the Court grants Plaintiff's motion for summary judgment, denies Defendant's motion for summary judgment, and orders this matter remanded to

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit. *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 10).

the Commissioner of Social Security for further administrative proceedings.

## I.   JURISDICTION

Plaintiff filed for supplemental security income on May 29, 2020, alleging an onset date of February 20, 2017.  (AR 231-40).  At the hearing, Plaintiff amended the alleged onset date to May 29, 2020.  (AR 47).  Benefits were denied initially (AR 73-85, 107-12), and upon reconsideration (AR 86-101, 114-19).  Plaintiff appeared telephonically before an Administrative Law Judge ("ALJ") on September 1, 2022.  (AR 42-72).  Plaintiff was represented by counsel and testified at the hearing.  (*Id*.).  The ALJ issued an unfavorable decision (AR 24-41), and the Appeals Council denied review (AR 11-16).  The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II.   BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 45 years old at the time of the hearing.  (*See* AR 50).  He graduated from high school.  (AR 50).  He lives alone.  (AR 48).  Plaintiff has past relevant work history as a newspaper delivery driver.  (AR 51, 63).  Plaintiff testified that he has "extreme breathing problems" after having 20% of his lung removed, especially when the weather gets very hot or cold, and he has chest pain.  (AR 54-55, 57).  He reported lower back pain that radiates into his legs and hip, and throbbing pain in his hip.  (AR 55-56, 61).  He can stand in one place for 35 minutes to 1 hour before he needs to take a break for two hours, he can sit for 30 minutes at a time, he spends 4 hours every day laying down for 1 hour at a time, and he can lift and carry ten pounds at the most.  (AR 56-58).  Plaintiff testified that he can do something like wash the dishes for 15 to 20 minutes before he must stop for 5 to 10 minutes.  (AR 59).  He reported he has seen a mental health counselor once a month for three months, and he has panic attacks.  (AR 60, 69).

## III.   STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the

1. Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.    FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the

claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §

416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.     ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 29, 2020, the application date. (AR 29). At step two, the ALJ found that Plaintiff has the following severe impairments: hypertension; residuals from pulmonary mycobacterium infection; status post partial lobectomy of lung; status post chest tube due to mycobacterium avium complex ("MAC") cavitary lesion; arthritis of the lumbar spine with spondylosis; and primary osteoarthritis of left hip. (AR 29). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 31). The ALJ then found that Plaintiff has the RFC:

> to perform sedentary work as defined in 20 CFR 416.967(a) except he can occasionally climb ladders, ramps, and stairs, but cannot climb ropes or scaffolds; can occasionally stoop, kneel, crouch, and crawl; and can no more than occasionally be exposed to work outside (in weather), in extreme heat or extreme cold, and around dust, odors, fumes and pulmonary irritants.

(AR 32). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 35). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: document preparer, order clerk, food and beverage, and escort vehicle driver. (AR 36). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since May 29, 2020, the date the application was

filed.  (AR 37).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act.  (Doc. No. 1).  Plaintiff identifies these issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom claims; and
2. Whether the ALJ's RFC determination is supported by substantial evidence because the ALJ failed in his duty to complete the record and obtain an opinion of Plaintiff's RFC from an examining physician.

(Doc. No. 15 at 7-11).

## VII. DISCUSSION

### A. Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Id*. (internal quotation marks omitted).  "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that

the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." (AR 33). Plaintiff argues the ALJ failed to provide specific, clear, and convincing reasons to reject his pain testimony. (Doc. No. 15 at 10-11). The Court agrees.

As an initial matter, the ALJ briefly summarized the medical evidence of Plaintiff's physical impairments as follows: complaints of shortness of breath due to surgical intervention for a MAC cavitary lesion (AR 949), one denial of shortness of breath (AR 605), one report of intermittent episodes of shortness of breath (AR 872), treatment for hypertension (AR 605), diagnosis of arthritis of the lumbar spine (AR 812), unremarkable MRI imagine in July 2021 (AR 665), steroid injection to treat lumbar spine (AR 677), diagnosis of primary osteoarthritis of the left hip (AR 665), steroid injections to treat the left hip (AR 812), and Plaintiff's single report in February 2022 that his lumbar arthritis and hip osteoarthritis were doing well with treatment (AR 774).[3] (AR 34). Based on this summary, the ALJ found that "[o]verall, the claimant's treatment records, including the objective medical evidence, are not entirely consistent with the medically determinable impairments and subjective reports of disabling symptoms." (AR 34). First, Plaintiff notes that the ALJ may not discredit a claimant's pain testimony and deny benefits *solely* because the degree of pain alleged is not supported by objective medical evidence. (Doc. No. 15

---

[3] The ALJ also generally noted Plaintiff "has not required surgical intervention," but the supporting citation is to the "operative report" for the bilateral lumbar 3, 4 and 5 medial branch block steroid injections administered in October 2021. (AR 34, 677). The report does not include any statement as to the necessity, or lack thereof, for surgical intervention.

at 11); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Defendant contends the ALJ properly considered objective medical evidence as a reason to discount Plaintiff's symptom claims, along with positive response to conservative treatment and pain medication, "inconsistent statements to health providers in assessing his allegations of disabling symptoms," inconsistency with the medical opinion evidence, and inconsistency with Plaintiff's daily activities. (Doc. No. 17 at 11-14). However, Defendant's argument appears partially based on the ALJ's ultimate conclusion, after evaluating the medical opinion evidence, that "[c]onsideration of the record as a whole, including the claimant's reported activities of daily living, conservative/routine treatment modalities, the longitudinal medical record, and the opinion evidence shows the claimant's allegations of disabling symptoms and limitations are not entirely consistent with and supported by the medical evidence and other evidence in the record." (AR 35); *Rollins*, 261 F.3d at 857 (ALJ may consider a claimant's activities that undermine reported symptoms). *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of "conservative treatment" may be sufficient to discount a claimant's testimony regarding the severity of an impairment); 20 C.F.R. § 416.929(c)(4).

Regardless, as additionally argued by Plaintiff, "[a]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." (Doc. No. 15 at 11 (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015)). Defendant is correct that Ninth Circuit does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." (Doc. No. 17 at 9-10 (citing *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020); *Smartt v. Kijakazi*, 53 F. 4th 489, 499 (9th Cir. 2022) ("The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince.")). However, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *Brown-Hunter*, 806 F.3d at 494 ("To ensure that our review of the ALJ's credibility

determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by the evidence in the record, to support that credibility determination."). Here, while the ALJ properly referenced factors relevant to his assessment of Plaintiff's subjective allegations pursuant to Social Security Rule (SSR) 16-3p and 20 C.F.R. § 416.929(c)(3) (AR 33), he did not identify the specific testimony that he found not to be credible, nor did he offer explanations for how Plaintiff's "reported activities of daily living, conservative/routine treatment modalities, the longitudinal medical record, and the opinion evidence" (AR 35) undermines Plaintiff's specific symptom claims. Thus, these are not clear and convincing reasons, supported by substantial evidence, to discount his symptom claims.

Finally, even were the Court to consider the "reasons" given by the ALJ as part of the summary of medical evidence, as argued by Defendant, it is unclear that they are supported by substantial evidence. The ALJ noted that Plaintiff complained of shortness of breath but denied shortness of breath and reported only intermittent shortness of breath on two occasions, respectively; and the ALJ cited a single self-report of improvement in his hip osteoarthritis and lumbar arthritis at a single treatment visit in February 2022. (AR 605, 774, 872); *See Tommasetti*, 533 F.3d at 1040 (favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations); 20 C.F.R. § 416.929(c)(4) (ALJ may consider inconsistencies in the evidence and "the extent to which there are any conflicts between" plaintiff's statements and statements by medical sources about how symptoms affect plaintiff). However, singular discrepancies fail to justify the wholesale dismissal of a claimant's testimony. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883–84 (9th Cir. 2006). Moreover, as argued by Plaintiff, to the extent the ALJ relied on the medical summary of objective evidence and treatment notes to discount Plaintiff's right upper extremity symptom claims, it is well-settled in the Ninth Circuit that an ALJ may not discredit a claimant's pain testimony and deny benefits *solely* because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell*, 947 F.2d at 346-47; *Brown-Hunter*, 806 F.3d at 489. As discussed above, the additional "reasons" given by the ALJ for discounting Plaintiff's symptom claims were

not supported by substantial evidence.  Because lack of corroboration by the objective evidence cannot stand alone as a basis for rejecting Plaintiff's symptom claims, the ALJ's finding is inadequate.

The Court concludes that the ALJ did not provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims.  On remand, the ALJ must reconsider Plaintiff's symptom claims.

### B. Duty to Develop

Plaintiff also argues the RFC determination is not supported by substantial evidence because he failed in his duty to complete the record and obtain an opinion of Plaintiff's physical RFC from an examining physician.  Doc. No. 15 at 7-10).  The Court finds it unnecessary to consider whether the ALJ had a duty to develop the record in light of the need for the ALJ to reconsider Plaintiff's symptom claims and conduct a new sequential analysis on remand.

### C.  Remedy

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not

1  appropriate when further administrative proceedings would serve a useful purpose). Here, the
2  ALJ improperly considered Plaintiff's symptom claims, which calls into question whether the
3  assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by
4  substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential
5  factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*,
6  775 F.3d at 1101. On remand, the ALJ should reevaluate Plaintiff's symptom claims, as well as
7  all relevant medical evidence, including medical opinions. The ALJ should order additional
8  consultative examinations and, if appropriate, take additional testimony from medical experts.
9  The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary,
10 take additional testimony from a vocational expert which includes all of the limitations credited
11 by the ALJ.

      Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 15) is GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 17) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed by separate motion within thirty (30) days.
5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated:    September 19, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE